IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 25-BK-00100 |
| VIGILANT HEALTH NETWORK, INC., *et al.*,[1] | ) | Chapter 11 (Subchapter V) |
| | ) | |
| Debtors. | ) | |
| | ) | (Joint Administration Requested) |

**EXPEDITED MOTION FOR ENTRY OF ORDER (A) AUTHORIZING DEBTOR TO PAY CERTAIN PREPETITION (I) WAGES AND SALARIES, (II) REIMBURSABLE EMPLOYEE EXPENSES, AND (III) EMPLOYEE MEDICAL AND SIMILAR BENEFITS AND (B) AUTHORIZING AND DIRECTING BANKS AND OTHER FINANCIAL INSTITUTIONS TO HONOR ALL RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS**

Debtor, Vigilant Health Network, Inc. (the "Debtor") respectfully requests entry of an order on an expedited basis substantially in the form attached hereto as Exhibit A (the "Order") pursuant to Sections 363(b), 507(a)(3) and (a)(4), and 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtor to pay prepetition (i) wages and salaries; (ii) reimbursable employee expenses; (iii) employee medical and similar benefits, and authorizing and directing banks and other financial institutions to honor all related checks and electronic payment requests. In support of this Motion, the Debtor relies upon, and incorporates by reference, the *Declaration of G. Austin Triggs, Jr. in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration")[2] filed contemporaneously herewith and further states as follows:

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of Debtors' federal tax identification numbers are: Vigilant Health Network, Inc. (5777), Diabetes Care Group, Inc. (3503), DCGM, Inc. (6854), and DCA Mississippi, LLC (0046). The corporate headquarters for the Debtors is 10 Burton Hills Blvd., Suite 400, Nashville, TN 37215 and the mailing address is P.O. Box 50395, Nashville, TN 37205.

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meaning ascribed to them in the First Day Declaration.

## I. SUMMARY OF RELIEF REQUESTED

1. ***Expedited Relief Requested***. The Debtor respectfully requests that the Court enter an Order allowing the payment of prepetition wages to all employees that do not exceed the priority amount provided for in 11 U.S.C. § 507.

2. ***Basis for Urgency***. This motion must be considered on an expedited basis to ensure that employees and staff are timely paid and thereby avoid immediate and irreparable harm.

3. ***Notice***. This motion has been served on (i) all parties consenting to electronic service via the Court's CM/ECF system; (ii) the Office of the United States Trustee via email; and (iii) all secured creditors and the Debtor's 20 largest creditors via U.S. mail and email as available. Debtor's undersigned counsel informed the Office for the United States Trustee that first day motions would be filed in this case.

4. ***Suggested Hearing Date***. The Debtor respectfully requests a hearing date of January 14, 2025, and no later than January 15, 2025.

5. ***Supporting Argument***. The Debtor supports this Motion as set forth below.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory and legal predicates for the relief sought herein are sections 102(1), 302, and 342(c)(1) of the Bankruptcy Code and Rules 1015(c), 2002(m), 9006, 9007, and 9014 of the Bankruptcy Rules.

### III. BACKGROUND

8. On January 9, 2025 (the "<u>Petition Date</u>"), the Debtor and certain affiliates filed with the Court voluntary petitions for relief under Chapter 11, Subchapter V, of the Bankruptcy Code (the "<u>Chapter 11 Cases</u>).

9. The Debtors are authorized to operate their businesses and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner, or official committee of unsecured creditors has been appointed in the Chapter 11 Cases.

10. Additional factual background regarding the Debtors, including their business operations, capital structure, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the First Day Declaration, which is fully incorporated by reference herein.

### IV. RELIEF REQUESTED

11. By this Motion, the Debtor Vigilant Health Network, Inc. requests that this Court enter an order, pursuant to Sections 363, 507(a)(3) and (a)(4), and 105(a) of the Bankruptcy Code, (i) authorizing the continued payment of prepetition wages and salaries, reimbursable employee expenses and employee benefit programs in the ordinary course of business and to pay other costs and expenses relating to the foregoing as described more fully below, (ii) authorizing the Debtor to continue to honor its practices, programs and policies with respect to the Employees, as defined below, as such practices, programs and policies were in effect as of the Petition Date, with authorization to pay the employee obligations that become due and owing during the pendency of these Chapter 11 Cases, and (iii) authorizing and directing disbursement banks to receive, process and pay any and all checks drawn on the Debtor's payroll accounts, and automatic payroll transfers to the extent that such checks or transfers relate to any of the foregoing.

12. The Debtor seeks this authorization because the employees are essential to the continued operation of the Debtor's business and, absent an order granting the relief requested by this Motion, the employees will suffer undue hardship and, in many instances, serious financial difficulties, as the amounts in question are needed to enable the Employees to meet their own personal financial obligations. Moreover, the Debtor believes that, without the requested relief, the continued operation of the Debtor's business will be undermined and value to the estate will be irreparably harmed. The commencement of these Chapter 11 Cases will likely create employee anxiety, and the requested relief is critical to stabilizing these concerns.

13. Further, the employees and staff are critically necessary for patient care and continued operation of the facility in a safe and professional manner.

14. The Debtor and its debtor affiliates filed these cases on an emergency basis due to a liquidity crisis caused when certain merchant cash advance lenders attempted to divert revenues due to the Debtor from its clients. The Chapter 11 Cases were filed for the immediate purpose of getting the funds flowing again, and then to restructure the Debtor's and its debtor affiliates' accumulated debts.

15. The gross amount of the prepetition payroll and related obligations the Debtor seeks to pay pursuant to this Motion is as follows:

| Prepetition Employee Obligations | Amount |
|---|---|
| Employee Compensation | $155,944.29 |
| Withholding Obligations | $41,249.23 |
| Health Programs and other voluntary deductions | $14,918.59 |
| Total | $212,112.11 |

## A. THE DEBTOR'S EMPLOYEES

16. As of the Petition Date, the Debtor employs approximately 52 individuals ("Employees"), of which approximately 44 are full-time and 8 are part-time.

17. The Debtor also regularly utilizes temporary workers ("Contractors") to provide a variety of professional medical and nursing services. Each of the Contractors has a separate, direct contractual relationship with the Debtor. As of the Petition Date, there are 10 Contractors, which are skilled physicians, nurse practitioners, therapists or caregivers.

18. The Employees perform a variety of critical functions, including without limitation, administration, and patient care. The Employees' skills and their knowledge and understanding of the Debtor's operations, customer relations and infrastructure are essential to the effective operation of the Debtor's businesses, including without limitation, patient care.

19. The Contractors fill certain critical and immediate business needs of the Debtor and allow the Debtor to have a flexible workforce to meet operational needs in a cost-effective manner. The Contractors are a reliable and necessary component of the Debtor's operations. Thus, as with the Debtor's regular Employees, if the Debtor fails to honor prepetition compensation obligations to the Contractors, it is likely that the Debtor will lose such individuals' valuable services to the detriment of patient care and the Debtor's ongoing business operations.

20. To minimize the personal hardship that the Employees and/or Contractors would suffer if prepetition employee-related obligations are not paid when due or as expected and maintain morale and stability in the Debtor's workforce during this critical time, the Debtor, by this Motion, seeks authority to pay and honor certain prepetition claims for, among other amounts, wages, salaries, bonuses and other compensation, severance payments, federal and state withholding taxes and other amounts withheld (including, garnishments, employees' share of

insurance premiums, taxes and 401(k) contributions), health benefits, insurance benefits, workers' compensation benefits, vacation time, sick leave, life and accidental death and dismemberment insurance, short- and long-term disability coverage and all other benefits that the Debtor has historically provided in the ordinary course of business, which include without limitation contractual compensation payments to the Contractors (collectively, and as more fully described below, the "Employee Wages and Benefits") and to pay all costs incident to the foregoing. The Debtor also seeks authority to continue all Employee Wages and Benefits post-petition. In addition, the Debtor requests the right to modify, change and discontinue any of the Employee Wages and Benefits, and the policy related to reimbursable expenses, and to implement new Employee Wages and Benefits in the ordinary course of business during these Chapter 11 Cases without the need for further Court approval, so long as such action does not materially increase any Employee Wages and Benefits.

B. EMPLOYEE OBLIGATIONS

**Unpaid Compensation**

21. In the ordinary course of business, the Debtor incurs payroll obligations to the Employees. Such obligations are generally comprised of wages and salaries. Employees are paid twice per month, with the last payroll being made on January 3, 2025.

22. ADP processes the Debtor's payroll. All payrolls are funded from the Debtor's account one business day prior to the payment date by transferring the required funds to ADP. So, for the January 17, 2025 payroll, funds are required to transfer to ADP at 12:01am on January 16, 2025.

23. Because all the Employees are paid in arrears, as of the Petition Date, Employees have not been paid all their prepetition wages (the "Unpaid Compensation"). Additionally, some

Employees may be entitled to compensation because (a) discrepancies may exist between the amounts paid and the amounts that should have been paid, and (b) some payroll checks issued to Employees on or prior to the Petition Date may not have been presented for payment or may not have cleared the banking system and, accordingly, have not been honored and paid as of the Petition Date.

24. The Debtor asserts that, as of the Petition Date, no Employee or Contractor is owed more than $15,150 for Unpaid Compensation or other benefits.

**Deductions and Withholdings**

25. During each applicable pay period, the Debtor, if required, routinely deducts certain amounts from paychecks, including, without limitation, (a) garnishments, child support and similar deductions and (b) other pretax and after-tax deductions payable pursuant to certain of the Employee benefit plans discussed herein (such as an Employee's share of health care benefits and insurance premiums, 401(k) contributions, legally ordered deductions and miscellaneous deductions) (collectively, the "Deductions"). Accordingly, the Debtor seeks authority to continue to forward all prepetition and post-petition Deductions to the applicable third-party recipients.

26. Further, the Debtor is required by law to withhold from an Employee's wages amounts related to federal, state and local income taxes, social security and Medicare taxes for remittance to the appropriate federal, state or local taxing authority (collectively, the "Withheld Amounts"). The Debtor must then match from its own funds for social security and Medicare taxes and pay, based on a percentage of gross payroll, additional amounts for federal and state unemployment insurance (the "Employer Payroll Taxes," and together with the Withheld Amounts, the "Payroll Taxes"). Accordingly, the Debtor seeks authority to continue to honor and process all prepetition and postpetition payments for Payroll Taxes.

**Honoring Checks for, and Payment of, Reimbursable Expenses**

27. Prior to the Petition Date, the Debtor reimbursed Employees for certain expenses incurred on behalf of the Debtor in the scope of their employment (the "Reimbursable Expenses"). The Reimbursable Expenses include expenses incurred during the scope of employment.

28. The Reimbursable Expenses were all incurred on the Debtor's behalf and with the understanding that they would be reimbursed. Accordingly, to avoid harming Employees who incurred the Reimbursable Expenses, the Debtor requests authority to (a) continue reimbursing the Reimbursable Expenses in accordance with prepetition practices, (b) modify their prepetition policies relating thereto as it deems appropriate, and (c) pay all Reimbursable Expenses that (i) accrued prepetition and (ii) accrue postpetition but relate to the prepetition period.

**Employee Benefits**

    **a.    Medical, Prescription Drugs, Dental/Vision and Flexible Spending Plans**

29. To the extent the Debtor offers Employees the ability to participate in a number of insurance and benefits programs, including health care and dental plans, vacation time and other paid leaves of absence, retirement savings plans, and the other insurance plans more particularly described herein (collectively, the "Employee Benefits Plan"), the Debtor requests authority to honor those obligations.

    **b.    Workers' Compensation**

30. Prior to the Petition Date, the Debtor provided workers' compensation insurance for Employees at the statutorily-required level (the "Workers' Compensation Program"). These benefits are currently provided for Employees with coverage through Accident Fund, which provides full coverage for all workers compensation claims.

31. Certain benefits and obligations under the Workers' Compensation Program may have been incurred prepetition but not yet fully paid or resolved. By this Motion, the Debtor requests authority to continue and maintain it Workers' Compensation Program in the ordinary course of business and to pay any and all prepetition and postpetition amounts related thereto including, without limitation, any payments for workers' compensation claims, premiums and fees owed for administrative costs and other amounts required in connection with the Workers' Compensation Program, as such amounts become due in the ordinary course of the Debtor's business.

  c.  **Paid Time Off and Other Leaves of Absence**

32. To the extent that the Debtor provides Employees with a paid time-off benefit that allows the Employee to take time off from work for vacation, illness, or personal time with pay ("PTO"), the Debtor requests authority to honor those obligations that are pre as well as post-petition.

33. In addition, in the ordinary course of business, the Debtor allows Employees to take certain other leaves of absence which are required by law, such as under the Family Medical Leave Act and Americans with Disabilities Act ("Leaves of Absence").

34. By this Motion, the Debtor requests that it be authorized to continue to honor its PTO and Leaves of Absence policies in the ordinary course of business and to honor and pay any prepetition amounts related thereto. In this regard, even in the event Employees utilize accrued prepetition PTO and Leaves of Absence in the ordinary course of business, those events will not create any material cash flow requirements beyond the Debtor's normal payroll obligations.

35. By this Motion, the Debtor seeks authority to pay and honor, in the ordinary course of business, prepetition and postpetition claims and obligations related to (a) Unpaid

Compensation and Severance Payments, (b) Deductions and Payroll Taxes, (c) Reimbursable Expenses, and (d) the Employee Benefit Programs, all as defined and described in more detail herein.

36. In addition, the Debtor requests that banks and other financial institutions be authorized and directed to receive, process, honor and pay all checks presented for payment and electronic payment requests relating to the foregoing, whether such checks were presented or electronic requests were submitted prior to or after the Petition Date. The Debtor also requests that all such banks and financial institutions be authorized to rely on the Debtor's designation of any particular check or electronic payment request as appropriate pursuant to this Motion.

## V. BASIS FOR RELIEF

### A. Sufficient Cause Exists for the Court to Authorize the Debtors to Honor Employee Wage and Benefit Obligations

37. Pursuant to Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, the Debtor's obligations for the Employee Wages and Benefits are entitled to priority treatment. Therefore, the relief sought herein would only affect the timing, and not the amount, of the payment of the Employee claims to the extent they constitute priority claims. Additionally, the Debtor may pay to the appropriate entities the Deductions and Payroll Taxes because those amounts are not property of the Debtor's estate under Section 541 of the Bankruptcy Code. The Court may also authorize the Debtor to honor obligations for the Employee Wages and Benefits pursuant to Section 363(b)(1) of the Bankruptcy Code. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (affirming lower court order authorizing payment of prepetition wage claims pursuant to Section 363(b) of the Bankruptcy Code). To do so, "the Debtors must articulate some business justification, other than the mere appeasement of major creditors." *Id.* at 175. In addition,

Section 105(a) of the Bankruptcy Code provides the legal basis for the Court to authorize payment of prepetition claims out of necessity. *See Ionosphere Clubs*, 98 B.R. at 175-176 (citing *Miltenberger v. Logansport, C. & S.W. R.Co.*, 106 U.S. 286 (1882)). Section 105(a) of the Bankruptcy Code authorizes a court to "permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the Debtors." *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992); *see also In re Just for Feet, Inc.*, 242 B.R. 821, 825 (D. Del. 1999); *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) ("There are occasions when this [fiduciary] duty can only be fulfilled by the preplan satisfaction of a prepetition claim.").

38. Paying prepetition employee benefits and wages will benefit the Debtor's estate and creditors by allowing the Debtor's business operations to continue without interruption. Indeed, the Debtor asserts that without the requested relief Employees may seek alternative employment opportunities, perhaps with the Debtor's competitors. Such a development would deplete the Debtor's workforce, hindering the Debtor's ability to continue to operate its business and jeopardize patient care, which could negatively affect the Debtor's business value. The loss of valuable Employees would be distracting at this critical time. Accordingly, the Debtor must do its utmost to retain its workforce by, among other things, continuing to honor all wage, benefit and related obligations, including the Employee Wages and Benefits that accrued prepetition.

39. Moreover, the Debtor seeks authority to honor obligations for the Employee Wages and Benefits to ensure the continued operation of the Debtor's business and to maintain the morale of Employees, many of whom would suffer extreme personal hardship and financial difficulty if they are not paid. In addition, the Employee Benefit Programs are an important part of each Employee's total compensation. Moreover, as with nonpayment of wages or reimbursable expenses, any indication that the Employee Benefit Programs may disappear or may not be

honored will prove detrimental to the Debtor's estate and creditors if the Debtor's ability to maintain the value of the business is impaired.

40. The Debtor does not at this time seek to assume any executory contracts or obligations, and the Motion should not be deemed to be an assumption or adoption of any Employee agreements or policies. Rather, the Debtor merely seeks to take steps that it believes are necessary to keep its existing workforce intact to maximize the value of the bankruptcy estate for the benefit of all interested parties. Also, the Debtor will retain the discretion to not make the payments contemplated by the Motion for particular Employees, and nothing in the Motion shall, in and of itself, confer upon any Employees or other parties an entitlement to administrative priority or other preferences in distribution from the Debtor's estate.

### B. Cause Exists to Authorize the Debtor's Financial Institutions to Honor Checks and Electronic Fund Transfers

41. Under the Debtor's existing cash management system, the Debtor represents that checks or wire transfer requests can be readily identified as relating to an authorized payment in respect of the prepetition claims of the Employees. Accordingly, the Debtor believes that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently and that all applicable banks and other financial institutions should be authorized and directed, when requested by the Debtor, to receive, process, honor and pay any and all checks or wire transfer requests related to the Employees.

42. For all of the foregoing reasons, the Debtor believes that granting the relief requested herein is appropriate and in the best interests of all parties in interest.

# NOTICE

43. Notice has been given as indicated in paragraph 3, above. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court grant this Motion, enter the proposed Order submitted herewith, and grant the Debtor such other and further relief to which it may be entitled.

Dated: January 10, 2025.    Respectfully submitted,

*/s/ Robert J. Gonzales*
Robert J. Gonzales (TN BPR# 16705)
EMERGELAW, PLC
4235 Hillsboro Pike, Suite 300
Nashville, Tennessee 37215
(615) 337-8774
robert@emerge.law

*Proposed Counsel for Debtors and Debtors in Possession*

**PROPOSED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 25-BK-00100 |
| VIGILANT HEALTH NETWORK, INC., *et al.,*[1] | ) | Chapter 11 (Subchapter V) |
| | ) | |
| Debtors. | ) | |
| | ) | (Joint Administration Requested) |

**EXPEDITED ORDER (A) AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION (I) WAGES, SALARIES, BONUSES AND OTHER COMPENSATION, (II) REIMBURSABLE EMPLOYEE EXPENSES AND (III) EMPLOYEE MEDICAL AND SIMILAR BENEFITS AND (B) AUTHORIZING AND DIRECTING BANKS AND OTHER FINANCIAL INSTITUTIONS TO HONOR ALL RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS**

Upon the expedited motion (the "Motion") of Debtor Vigilant Health Network, Inc. (the "Debtor") for the entry of an order (a) authorizing the Debtor to pay certain prepetition employee wages and benefits (collectively "Employee Wages and Benefits"), consisting of (i) accrued wages, salaries, severance payments and other compensation (the "Unpaid Compensation"), (ii) payroll deductions, including, without limitation, (a) garnishments, child support and similar deductions and (b) other pre-tax and after-tax deductions payable pursuant to certain of the Employee benefit plans discussed in the Motion (such as the Employee's share of health care benefits and insurance premiums, 401(k) contributions, legally ordered deductions and

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of Debtors' federal tax identification numbers are: Vigilant Health Network, Inc. (5777), Diabetes Care Group, Inc. (3503), DCGM, Inc. (6854), and DCA Mississippi, LLC (0046). The corporate headquarters for the Debtors is 10 Burton Hills Blvd., Suite 400, Nashville, TN 37215 and the mailing address is P.O. Box 50395, Nashville, TN 37205.

miscellaneous deductions) (collectively, the "Deductions") and the withheld amounts related to federal, state and local income taxes, social security and Medicare taxes and the Debtor's matching amounts for social security and Medicare taxes and pay and additional amounts for federal and state unemployment insurance (the "Payroll Taxes"), (iii) certain work-related expenses incurred by the Employees on behalf of the Debtor (the "Reimbursable Expenses"), and (iv) amounts accrued in relation to the Debtor's health insurance and benefits programs, including health care, vision and dental plans, workers' compensation insurance, paid time off and other paid leaves of absence, retirement savings plans, flexible benefit plans, life insurance, accidental death and dismemberment insurance, short-term and long-term disability insurance and accident insurance (collectively, the "Employee Benefit Programs") and (b) authorizing and directing banks and other financial institutions to receive, process, honor and pay all checks presented for payment and electronic payment requests relating to the foregoing, and further upon the statements of counsel and the witnesses at the hearing; it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED as follows:

1. The Motion is granted.

2. The Debtor is authorized, but not required, to honor and pay the Employee Wages and Benefits in accordance with the Debtor's stated policies and prepetition practices, including, but not limited to, prepetition amounts owed in connection with Unpaid Compensation.

3. The Debtor is authorized, but not required, to honor and pay all amounts due under the Debtor's stated severance policies and prepetition practices, including, but not limited to, prepetition amounts owed in connection with such severance program, if any.

4. The Debtor is authorized, but not required, to continue to allocate and distribute the Deductions and the Payroll Taxes in accordance with the Debtor's stated policies and prepetition practices.

5. The Debtor is authorized, but not required, to pay the Reimbursable Expenses in accordance with the Debtor's stated policies and prepetition practices including, but not limited to, prepetition amounts owed in connection with Reimbursable Expenses.

6. The Debtor is authorized, but not required, to honor the Employee Benefit Programs, make any necessary contributions to such programs and pay any unpaid premiums, claim or amount owed as of the Petition Date.

7. In accordance with this Order and any other order of this Court, the Debtor is authorized to pay all processing fees associated with, and all costs incident to, payment of the Employee Wages and Benefits and the Reimbursable Expenses.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, and that all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Order.

9. The Debtor is authorized to reissue any check or electronic payment that originally was given in payment of any prepetition amount authorized to be paid under this Order and was not cleared by the applicable bank or other financial institution.

10. In no event shall the Debtor, after the Petition Date, pay to or on behalf of any employee an aggregate of more than $15,150 in prepetition wages, salaries, commissions, vacation, severance and sick leave pay pursuant to 11 U.S.C. § 507(a)(4). In determining the aggregate amount to be paid in contributions to the employee benefit plans, the formula set forth in 11 U.S.C. §507(a)(5) shall be used. Employment taxes shall be paid in accordance with 11 U.S.C. §507(a)(8)(D).

11. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

IT IS SO ORDERED.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

APPROVED FOR ENTRY:

*/s/ Robert J. Gonzales*
Robert J. Gonzales (TN BPR# 16705)
EMERGELAW, PLC
4235 Hillsboro Pike, Suite 300
Nashville, Tennessee 37215
(615) 337-8774
robert@emerge.law

*Proposed Counsel for Debtors and Debtors in Possession*